**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

MATTHEW T. DENHOLM, REGIONAL DIRECTOR
OF THE NINTH REGION OF THE NATIONAL LABOR
RELATIONS BOARD, FOR AND ON BEHALF OF THE
NATIONAL LABOR RELATIONS BOARD

Petitioner

v. Civil No. 5:20-mc-99999

SMYRNA READY MIX CONCRETE, LLC

Respondent

**PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(j) OF THE NATONAL LABOR RELATIONS ACT, AS AMENDED**

To the Honorable Judges of the United States District Court for the Eastern District of Kentucky at Lexington:

COMES NOW, Matthew T. Denholm, Regional Director of the Ninth Region of the National Labor Relations Board, herein the Board, and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 29 U.S.C. Sec. 160(j)], herein the Act, for appropriate injunctive relief, pending the final disposition of the matters pending before the Board on the complaint of petitioner alleging that Smyrna Ready Mix Concrete, LLC, herein called “Smyrna,” has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3)]. In support thereof, petitioner respectfully shows as follows:

1. Petitioner is the Regional Director of the Ninth Region of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act [61 Stat. 149; 29 U.S.C. Sec. 160(j)], which provides, inter alia, that the Board shall have the power, upon issuance of a complaint charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Smyrna's business is situated in Clark County, Winchester, Kentucky.

3. On November 12, 2019, General Drivers, Warehousemen and Helpers, Local Union No. 89, Affiliated with the International Brotherhood of Teamsters, herein called the Union, filed a charge with the Board in Case 09-CA-251578, and a first amended charge on November February 14, 2020, alleging that Smyrna engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3) ]. (Copies of the charge and first amended charge in 09-CA-251578 are attached hereto as Exhibits 1 and 2 respectively.)

4. On November 26, 2019, the Union filed a charge with the Board in Case 09-CA-252487 alleging that Smyrna engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3) ]. (A copy of the charge in 09-CA-252487 is attached hereto as Exhibit 3.)

5. On January 31, 2020, the Union filed a charge with the Board in Case 09-CA-255573, and a first amended charge on April 3, 2020, and a second amend charge on April 27, 2020, alleging that Smyrna engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3) ]. (Copies of the charge,

first amended charge and second amended charge in 09-CA-255573 are attached hereto as Exhibits 4, 5 and 6 respectively.)

6. On March 20, 2020, the Union filed a charge with the Board in Case 09-CA-258273, and a first amended charge on April 28, 2020, alleging that Smyrna engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3) ]. (Copies of the charge and first amended charge in 09-CA-258273 are attached hereto as Exhibits 7 and 8 respectively.)

7. The aforesaid charges (Exhibits 1 - 8) were referred to petitioner for investigation as Regional Director of the Ninth Region of the Board.

8. On May 13, 2020, based upon the charges described above in paragraphs 3-6, and following a full investigation, during which Smyrna was given an opportunity to submit evidence and legal arguments, the General Counsel of the Board, by petitioner, pursuant to Section 10(b) of the Act [29 U.S.C. Sec. 160(b)], issued an Order Further Consolidating Cases, Third Consolidated Complaint and Notice of Hearing (Consolidated Complaint) against Smyrna alleging violations of Section 8(a)(1) and (3) of the Act. (A copy of the Complaint and Notice of Hearing is attached hereto as Exhibit 9.)

9. There is reasonable cause to believe that the allegations set forth in the complaint are true, and that Smyrna has engaged in, and is engaging in unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act [29 U.S.C. Section 158(a)(1) and (3)], thereby affecting commerce within the meaning of Section 2(6) and (7) of the Act [29 U.S.C. Sec. 152(6) and (7)]. More particularly, in support thereof, and in view of the request for injunctive relief as set forth herein, petitioner, upon information and belief, shows as follows:

10. (a) At all material times, Smyrna has been a limited liability company, with multiple locations throughout the Eastern United States, including an office and place of business in Winchester, Kentucky (Smyrna's facility), and has been engaged in the manufacture, delivery, installation, non-retail and retail sale of ready mix concrete.

(b) In conducting its operations described above in paragraph 10(a), during the 12-month period ending May 1, 2020, Smyrna performed services valued in excess of $50,000 in States other than the Commonwealth of Kentucky.

(c) At all material times, Smyrna has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

11. At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

12. At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Smyrna within the meaning of Section 2(11) of the Act and agents of Smyrna within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Jeff Hollingshead | - | Chief Executive Officer |
| Ben Brooks | - | General Manager |
| Aaron Highley | - | Dispatcher and Plant Manager |
| Jason Stott | - | Dispatcher and Plant Manager |
| James Goss | - | Relief Plant Manager |
| Chris Newell | - | Sales Manager |
| Jerry Weisshaupt | - | Safety Manager |

13. About November 8, 2019, Smyrna, by Aaron Highley, at Smyrna's facility, interrogated its employees about their union activities and the union activities of other employees.

14. About November 15, 2019, Smyrna, by Ben Brooks, at Smyrna's facility:

(a) Promised its employees that they would no longer be required to drive to Smyrna's facility in Florence, Kentucky in response to employees' union organizational activities;

(b) By soliciting employee complaints and grievances, impliedly promised its employees that they would receive increased benefits and improved terms and conditions of employment if they refrained from union organizational activity.

15. (a) About November 18, 2019, Smyrna discharged its supervisor, Aaron Highley.

(b) Smyrna engaged in the conduct described above in paragraph 15(a) because the named supervisor refused to commit unfair labor practices.

16. Since about January 13, 2020, Smyrna has required its employees to agree to Separation Agreements that contain the following provisions as a condition of receiving severance pay:

**Covenant Not to Sue**: Employee hereby covenants and agrees that Employee has not, and will not file, commence or initiate any suits, grievances, demands, or causes of action against the Released Parties based upon or relating to any of the claims released and forever discharged pursuant to this Agreement. In accordance with 29 C.F.R. § 1625.23(b), this covenant not to sue is not intended to preclude Employee from bringing a lawsuit to challenge the validity of the release language contained in this Agreement. If Employee breaches this covenant not to sue, Employee hereby agrees to pay all of the reasonable costs and attorneys' fees actually incurred by the Released Parties in defending against such claims, demands, or causes of action, together with such and further damages as may result, directly or indirectly, from that breach. Moreover, Employee agrees that he/she will not persuade or instruct any person to file a suit, claim, or complaint with any state or federal court or administrative agency against the Released Parties. The parties agree that this Agreement will not prevent Employee from filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or its equivalent state or local agencies, or otherwise participating in an administrative investigation. However, to the fullest extent permitted by law, Employee agrees to relinquish and forgo all legal relief, equitable relief, statutory relief, reinstatement, back pay, front pay, and any other damages, benefits, remedies, and relief to which Employee may be entitled as a result of any claim, charge, or complaint against the Released Parties and agrees to forgo and relinquish reinstatement, all back pay, front pay, and other damages, benefits, remedies, and relief that he/she could receive from claims, actions, or suits filed or charges instituted or pursued by any agency or commission based upon or arising out of the matters that are released and waived by this Agreement. The Parties intend that this paragraph and the release of claims herein be construed as broadly as lawfully possible.

**Non-disparagement**. Employee agrees that, following Employee's termination of employment, Employee will not disparage or speak unfavorably about [Smyrna] or any of the other Released Parties to third parties or in public or otherwise take any action or make any comment whatsoever that would harm, injure, or potentially harm or injure the goodwill of the Company or the other Released Parties. This provision is not intended to, nor shall it (or any other provision herein), prohibit Employee from cooperating with any government investigation or court order or from making a good faith, truthful report to any government agency with oversight responsibility for [Smyrna], including without limitation the Securities and Exchange Commission and the Occupational Safety and Health Administration.

**Covenant not to Reapply**. Employee hereby agrees that he/she will neither apply for nor accept a position of employment with the [Smyrna], or any of its business units, subsidiaries, or affiliates.

17. (a) About November 8, 2019, Smyrna discharged its employee Sunga Copher.

(b) About November 15, 2019, Smyrna granted employees at its Winchester, Kentucky facility cash bonuses of one hundred dollars.

(c) About January 10, 2020, Smyrna discharged the employees named below:

| | |
|---|---|
| James Bowling | Jason Means |
| Randall Carmichael | David Smith |
| Nicole Long | Sheldon Walters |

(d) About January 13, 2020, Smyrna required the employees named below to agree to the Separation Agreements described above in paragraph 16 as a condition of receiving severance pay:

| | |
|---|---|
| James Bowling | Jason Means |
| Randall Carmichael | David Smith |
| Nicole Long | Sheldon Walters |

(e) About January 13, 2020, Smyrna partially closed its Winchester, Kentucky facility and converted it to an on-demand facility.

(f) Smyrna engaged in the conduct described above in paragraphs 17(a), (b), (c), (d) and (e) because the named employees of Smyrna formed and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

18. By the conduct described above in paragraphs 13, 14, 15 and 16, Smyrna has been interfering with, restraining, and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

19. By the conduct described above in paragraph 17, Smyrna has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

20. The unfair labor practices of Smyrna described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

21. Upon information and belief, it may fairly be anticipated that, unless enjoined by this Court, Smyrna will continue to engage in the aforesaid acts and conduct or similar or related acts in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3)].

22. Upon information and belief, unless the continuation of the aforementioned unfair labor practices are immediately restrained, a serious flouting of the Act will continue with the result that enforcement of important provisions of the Act and of public policy will be impaired before Smyrna can be placed under legal restraint through the regular procedures of a Board order and enforcement decree. Unless injunctive relief is immediately obtained, it may fairly be anticipated that Smyrna will continue its unlawful conduct during the proceedings before the Board and during subsequent proceedings before a court of appeals for an enforcement decree with the result that Smyrna's employees will continue to be deprived of their rights guaranteed in the Act.

23. No previous application has been made for the relief requested herein.

24. Upon information and belief, Section 10(j) relief is essential, appropriate and just and proper, for purposes of effectuating the policies of the Act and avoiding substantial, irreparable

and immediate injury to Board policies, to the public interest, and to Smyrna's employees. Accordingly, it is requested that Smyrna be enjoined and restrained from the commission of the conduct alleged above, similar acts and conduct or repetitions thereof, pending the final disposition of the above-referenced Board charges.

**WHEREFORE**, petitioner prays:

1. That the Court issue an Order to Show Cause directing Smyrna that any answer to the petition be filed within 7 days of the issuance of the Court's Show Cause Order, that any responsive brief to the petition be filed within 14 days of the issuance of the Court's Show Cause Order, that petitioner shall have 7 days to file a reply to any responsive brief filed, and that Smyrna appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why pending the Board's final disposition of the administrative proceeding in this matter, an injunction should not issue enjoining and restraining Smyrna, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with them, from:

a) discharging or otherwise discriminating against employees for supporting General Drivers, Warehousemen & Helpers Local Union 89, affiliated with International Brotherhood of Teamsters, AFL-CIO, or any other labor organization;

b) discharging supervisors because of their refusal to commit unfair labor practices against employees seeking to unionize;

c) converting its Winchester, Kentucky facility to an "on demand" location and laying off employees of the Winchester facility because of employees' support for the Union and/or protected concerted activities;

d) asking employees about their support for a union;

e) granting or promising benefits to discourage Union activity;

f) impliedly promising benefits by soliciting grievances to discourage union activity;

g) maintaining and enforcing the Separation Agreement and General Release that it required its employees to sign as a condition of receiving severance pay; and

h) in any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the Act.

2. That upon return of the Order to Show Cause, the Court issue an order enjoining and restraining Smyrna in the manner set forth above.

3. That the Court issue an affirmative Order directing Smyrna, pending final disposition of the Board charges referred to herein, to:

a) within five (5) days of the District Court's order, offer, in writing, to James Bowling, Randall Carmichael, Sunga Copher, Nicole Long, Aaron Highley, Jason Means, David Smith and Sheldon Walters interim reinstatement to their former positions; or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employee who may have been hired or reassigned to replace them;

b) within five (5) days of the District Court's order, restore Smyrna's Winchester, Kentucky facility to the status quo that existed prior to January 7, 2020, including by transferring back work and reinstating the employees listed above who accept offers of reinstatement;

c) within five (5) days of the District Court's order, post copies of the Order at Smyrna's Winchester, Kentucky facility where notices to employees are customarily posted; said posting shall be maintained during the pendency of the Board's administrative proceedings free

from all obstructions and defacements; all employees shall have free and unrestricted access to said postings;

d) within twenty (20) days of the District Court's order, file with the Court, with a copy submitted to the Regional Director of Region 9 of the Board, a sworn affidavit from a responsible Smyrna official, setting forth with specificity the manner in which the Smyrna has complied with the terms of this decree, including how it has posted the documents required by the Court's Order.

4. That the Court grant such further and other relief as may be just and proper.

Dated at Cincinnati, Ohio this 23rd day of July 2020.

Petitioner:

/s/ Zuzana Murarova______________________
Zuzana Murarova, #88431 (Ohio)
Counsel for the Petitioner
Region 9, National Labor Relations Board
3-111 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio 45202-3271
Phone: (513) 684-3654
Fax: (513) 684-3946
E-mail: zuzana.murarova@nlrb.gov

s/ Naima R. Clarke______________________
Naima R. Clarke, #0064896 (Ohio)
Counsel for the Petitioner
Region 9, National Labor Relations Board
3-111 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio 45202-3271
Phone: (513) 684-3647
Fax: (513) 684-3946
E-mail: naima.clarke@nlrb.gov

For and on behalf of

Matthew T. Denholm, Regional Director
Region 9, National Labor Relations Board
3-111 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio 45202-3271

Attachments